```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE ANNUITY, WELFARE AND APPRENTICESHIP
SKILL IMPROVEMENT & SAFETY FUNDS OF THE
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 15, 15A, 15C & 15D, AFL-CIO,
        by their Trustees James T. Callahan, Thomas A.
        Callahan, Michael Salgo and Denise M. Richardson,
CENTRAL PENSION FUND OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS,
        by its Chief Executive Officer Michael A. Crabtree,
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 15, 15A, 15C & 15D, AFL-CIO,
        by its President & Business Manager Thomas A.
        Callahan,
```

|  |  |
|---|---|
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| -against- | 18-CV-5791-LDH-SJB |
| COASTAL ENVIRONMENTAL GROUP INC., | |
| Defendant. | |

-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers, Local 15, 15A, 15C & 15D, AFL-CIO, Central Pension Fund of the International Union of Operating Engineers, and International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO (collectively, "Plaintiffs") commenced this action on October 17, 2018 against Coastal Environmental Group Inc. ("Coastal Environmental"), alleging violations of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, *et seq.*, and seeking to recover benefit contributions under two collective-bargaining agreements, interest, liquidated damages, and attorney's fees and costs. *Annuity,*

*Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs, Loc. 15, 15A, 15C & 15D v. Coastal Env't Grp. Inc.*, No. 18-CV-5791, 2019 WL 5693916, at *1 (E.D.N.Y. Aug. 30, 2019), *report and recommendation adopted*, Order (Mar. 31, 2020). Plaintiffs are represented by attorney James M. Steinberg ("Steinberg"). *Id.* at *10.

Plaintiffs moved for a default judgment against Coastal Environmental and sought, among other things, an award of attorney's fees. *See id* at *3. On August 30, 2019, this Court recommended that the motion for default judgment be granted in part and denied in part. *Id.* at *13. In particular, the Court recommended Steinberg submit contemporaneous billing records for the Court's review in light of certain deficiencies in his attorney's fee application. *See id.* at *11. This recommendation was adopted on March 31, 2020 by the Honorable LaShann DeArcy Hall. (Order dated Mar. 31, 2020). Judge DeArcy Hall directed Plaintiffs "to submit contemporaneous billing records within thirty (30) days" of March 31, 2020, "so the Court can calculate attorney's fees." (*Id.*). On April 21, 2020, Plaintiffs submitted a declaration by Steinberg, which included his original, contemporaneous billing records. (Decl. of James M. Steinberg in Supp. of Calculation of Att'y's Fees ("Steinberg Decl."), Dkt. No. 22). On November 9, 2020, Judge DeArcy Hall referred the renewed request for attorney's fees to the undersigned for a report and recommendation. (Order dated Nov. 9, 2020). For the reasons outlined below, the Court respectfully recommends that the renewed request be granted in part and Plaintiffs be awarded $2,035.00 in attorney's fees.

ERISA entitles prevailing plaintiffs to "reasonable attorney's fees and costs" in actions to recover delinquent ERISA contributions. 29 U.S.C. § 1132(g)(2)(D); *accord Coastal Env't*, 2019 WL 5693916, at *10. When assessing whether legal fees are

2

reasonable, the Court determines the "presumptively reasonable fee" for an attorney's services. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). To calculate this fee, a court must first determine a reasonable hourly rate for the legal services performed, *id.* at 189–90, and then determine the reasonableness of the hours expended by counsel, *LaBarbera v. Empire State Trucking, Inc.*, No. 07-CV-669, 2008 WL 746490, at *4–5 (E.D.N.Y. Feb. 26, 2007), *report and recommendation adopted*, 2008 U.S. Dist. LEXIS 21770 (Mar. 17, 2008).

In their original motion for default judgment, Plaintiffs sought $2,775.00 in attorney's fees for 7.5 hours of work done by Steinberg and compensated at a rate of $370 per hour. *Coastal Env't*, 2019 WL 5693916, at *10. The Court found Steinberg's hourly rate—$370—to be reasonable. *Id.* And with respect to 7.5 hours, the Court noted that other "[c]ourts have found similar numbers of hours reasonable in ERISA default judgment cases." *Id.* at *11. However, the Court observed that the billing records submitted with the motion were insufficient: in particular, the Court noted that Steinberg submitted reconstructed billing records which indicated that Steinberg "block billed" the bulk of his time. *Id.* The Court also observed that Steinberg submitted nearly identical reconstructed records in another case. *Id.* As a result, the Court recommended that Steinberg submit his contemporaneous billing records for the Court's review, and the recommendation was adopted by the District Judge. *Id.*; (Order dated Mar. 31, 2020). Steinberg submitted contemporaneous billing records on April 21, 2020. (Steinberg Decl.). The Court finds that Steinberg's contemporaneous billing records lack sufficient information for the Court to assess their reasonableness and, as a result, recommends a reduction of hours.

3

"Block billing" is the practice of "grouping multiple tasks into a single billing entry." *Charles v. City of New York*, No. 13-CV-3547, 2014 WL 4384155, at *5 (S.D.N.Y. Sept. 4, 2014). "Although there is no *per se* rule against block billing, to justify an award of attorneys' fees, counsel must provide enough information for the Court to assess the reasonableness of the hours worked on each discrete project." *Id.* (citation omitted); *accord Coastal Env't*, 2019 WL 5693916, at *11. Steinberg's contemporaneous billing records, like his originally submitted reconstructed records, indicate that he engaged in block billing. In fact, Steinberg's contemporaneous billing records are less detailed than the reconstructed ones. Steinberg's reconstructed records contained two entries, one on October 18, 2018 for 1.5 hours ("Drafted, revised and finalized Summons and Complaint for delinquent contributions; Prepared civil cover sheet to be filed with court") and another on November 29, 2018 for 6.0 hours ("Drafted, revised and finalized default judgment motion papers including memorandum of law and supporting affidavits"). (Hours Expended by Counsel, attached as Ex. L to Aff. of James M. Steinberg in Supp. of Pls.' Mot. for Default J. dated Dec. 3, 2018, Dkt. No. 13). His contemporaneous records also include two entries. But in contrast, the one on October 17[1] for 1.5 hours contains the summary description "Prepared summons and complaint to compel payment of audit deficiency" and the one on November 29 for 6.0 hours states only "Prepared default J motion papers." (Time Sheet, attached as Ex. A to Steinberg Decl., Dkt. No. 22). The Court must rely on the contemporaneous, not reconstituted bills. And the Court finds the second entry of the contemporaneous bills, which documents six hours spent preparing the default judgment motion—a motion that consisted of discrete

---

[1] It appears that the October 18, 2018 date on the reconstructed records was an error.

4

subparts, including a memorandum of law and four affidavits, all of which were filed on ECF and served—an improper summary and block billing of several separate tasks which were not disaggregated. *See, e.g., Trs. of Empire State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Coop., Pension &Welfare Funds v. Penco United LLC*, No. 13-CV-4745, 2015 WL 1650960, at *6 (E.D.N.Y. Apr. 14, 2015) (finding entry of 5.8 hours for "court appearance; review case file; Travel to/from Court; Attend initial conference" unreasonable block billing); *E.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 432–33 (S.D.N.Y. 2011) (finding single entry of five hours for "Finalize Motion for SJ; scan; e-mail to defense; bind; prepare Proof of Service and letter to Court and Rushfield" constituted improper block billing), *aff'd*, 487 F. App'x 619 (2d Cir. 2012). As a result, the Court respectfully recommends a reduction in this entry by one-third, to four hours. *See, e.g., Penco United LLC*, 2015 WL 1650960, at *5–7 (reducing hours of attorney who block billed time by 30 percent when calculating attorney's fee); *E.S.*, 796 F. Supp. 2d at 432–33 (same); *Charles*, 2014 WL 4384155, at *6 (reducing block-billed entries by 30 percent in calculating fee award). This constitutes a total attorney's fee award of 5.5 hours (4 hours plus 1.5 hours), compensated at $370 per hour, totaling $2,035.00.

For these reasons, the Court respectfully recommends Plaintiffs be awarded $2,035.00 in attorney's fees. Any objections to the Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates

as a waiver of any further judicial review of the magistrate [judge's] decision.").

Plaintiffs are directed to serve a copy of this Report and Recommendation on Coastal Environmental and file proof of service on the docket.

            SO ORDERED.

            */s/ Sanket J. Bulsara* March 16, 2021
            SANKET J. BULSARA
            United States Magistrate Judge

Brooklyn, New York

6